```
                                    FILED
                          CLERK, U.S. DISTRICT COURT

                              MAY 2 1 2008

                          CENTRAL DISTRICT OF CALIFORNIA
                          BY                        DEPUTY
```

1
2
3
4
5
6
7               UNITED STATES DISTRICT COURT

8               CENTRAL DISTRICT OF CALIFORNIA

9

10  RICHARD MARENTES TORRES,        )   Case No. SACV 08-530 ODW (AN)
                                    )
        Petitioner,                 )   ORDER DISMISSING PETITION FOR
11                                  )   A WRIT OF HABEAS CORPUS BY A
        v.                          )   PERSON IN STATE CUSTODY
12                                  )
    PEOPLE OF THE STATE             )
13  OF CALIFORNIA,                  )
                                    )
14      Respondent.                 )
                                    )
15  ─────────────────────────────

16                          **I. SUMMARY**

17          On May 12, 2008, the pending petition for a writ of habeas corpus ("Petition") of

18  Richard Marentes Torres ("Petitioner"), a state prisoner, was filed with this Court after

19  being transferred from the Eastern District of California because the Petition shows it

20  attacks a murder conviction and related prison sentence that Petitioner sustained in the

21  California Superior Court for Orange County in 1995.  For the reasons discussed below,

22  the Petition is dismissed without prejudice because it plainly appears that all three of the

23  claims in the Petition are unexhausted.

24                          **II. DISCUSSION**

25  **A.    Standard of Review**

26          **1.    Habeas Rules**

27          "A discrete set of Rules governs federal habeas proceedings launched by state

28  prisoners.  *See* Rules Governing Section 2254 Cases in the United States District Courts[,

                                Page 1

28 foll. U.S.C. § 2254 ("Habeas Rules")]." *Mayle v. Felix*, 545 U.S. 644, 654, 125 S.Ct. 2566, 2569 (2005). The discrete Rules include Habeas Rule 2(c), which imposes a "more demanding" pleading standard than the notice pleading used for complaints in ordinary civil cases. *Felix*, 545 U.S. at 655. Under Habeas Rule 2(c), a petition must "specify all the grounds for relief available to the petitioner [and] state the facts supporting each ground[;... and] the petition is expected to state facts that point to a real possibility of constitutional error." *Id*. The *Felix* Court held that:

> [a] prime purpose of [Habeas] Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas [] Rule 4, if "it plainly appears from the petition ...that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading.

*Id*. at 656. The Advisory Committee Notes to Habeas Rule 4 further provide that "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer," particularly where the petition does not state facts "that point to a real possibility of constitutional error." Habeas Rule 4, Advisory Committee Notes (1976 Adoption). Local Rule 72-3.2 of this Court authorizes a magistrate judge to prepare proposed order for summary dismissal and proposed judgment for district judge if it plainly appears from the face of petition that petitioner is not entitled to relief.

**2.    § 2254**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA") this Court may only entertain a state prisoner's application for federal habeas relief on the ground that the prisoner's custody violates the Constitution or law or treaties of the United States. § 2254(a). Federal habeas relief "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -- (1) resulted in a decision that was contrary to, or involved an unreasonable application

1   of, clearly established Federal law, as determined by the Supreme Court of the United
2   States; or (2) resulted in a decision that was based on an unreasonable determination of the
3   facts in light of the evidence presented in the State court proceeding."  § 2254(d)(1)-(2).
4   The key to triggering § 2254's deferential standard is a previous "adjudicat[ion] on the
5   merits in State court proceedings."

6       **3.   Federal Exhaustion Doctrine**

7       As explained by the United States Supreme Court:

8           Before seeking a federal writ of habeas corpus, a state
9           prisoner must exhaust available state remedies, 28 U.S.C. §
10          2254(b)(1), thereby giving the State the " ' "opportunity to pass
11          upon and correct" alleged violations of its prisoners' federal
12          rights.' " *Duncan v. Henry,* 513 U.S. 364, 365, 115 S.Ct. 887,
13          130 L.Ed.2d 865 (1995) *(per curiam)* (quoting *Picard v.*
14          *Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438
15          (1971) (citation omitted)).   To provide the State with the
16          necessary "opportunity," the prisoner must "fairly present" his
17          claim in each appropriate state court (including a state supreme
18          court with powers of discretionary review), thereby alerting that
19          court to the federal nature of the claim.

20  *Baldwin v. Reese*, 541U.S. 27, 29, 124 S.Ct. 1347 (2004); *see also* § 2254(c) ("An
21  applicant shall not be deemed to have exhausted the remedies available in the courts of the
22  State, within the meaning of this section, if he has the right under the law of the State to
23  raise, by any available procedure, the question presented."); *Carter v. Giubino*, 385 F.3d
24  1194, 1196 (9th Cir. 2004) ("[b]efore seeking federal habeas relief, a state prisoner must
25  fairly present all of his claims to the highest state court....").

26  **B.   Analysis of Petition**

27      As already mentioned, the Petition and attached exhibits show Petitioner seeks
28  federal habeas review of a 1995 murder conviction and related prison sentence. (Pet. 2-3.)

1   The Petition purports to raise three claims. Putting aside the obvious statute of limitations
2   problem and the fact that the Petition fails to name a proper respondent (the warden of the
3   prison where Petitioner is held in custody), it plainly appears from the face of the Petition,
4   attached exhibits, and the official records of the state appellate courts,[1] that Petitioner has
5   never exhausted his claims by presenting them to the California Supreme Court in a
6   petition for review or habeas petition.  Accordingly, the Petition is subject to summary
7   dismissal as an unexhausted petition.  *See* § 2254(b)(1); *Duncan*, 513 U.S. at 364, 365.

8

9                          **III.  CONCLUSION**

10          For the reasons discussed above, it is ordered that reference to the Magistrate Judge
11   is vacated and the Petition is summarily dismissed without prejudice.

12

13

14   DATED:  May 21 , 2008

15                                                              _____
                                                                      OTIS D. WRIGHT, II
                                                               UNITED STATES DISTRICT JUDGE

16   Presented by:

17

18   _____
        Arthur Nakazato
19   United States Magistrate Judge

20

21

22

23

24

25

26

27          [1]  Federal habeas courts may take judicial notice of relevant state court records.
28   *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002). The California appellate courts
     docket records are available on internet at www. appellate cases.courtinfo.ca.gov.